Next case on our docket, this one is case number 5, 230927, Barker v. Barker, this is Andrew Borey, Borey v. Barker, this is Andrew Borey, Borey v. Barker, this is Andrew Borey,  Borey v. Barker, this is Andrew Borey, Borey v. Barken, this is Andrew Borey, Borey v. Barker. Don't worry. Don't worry. Don't worry. Don't worry. Don't worry. We're a little ahead with the schedule. Are you ready Mr. Pappas? Yes. This is case number 5-2-3-0-9-2-7. Barker v. Barker. This is counsel for appellant. Mr. Pappas, ready to proceed? Yes. All right, you may do so. May it please the court, good morning. So, we're here today in reference to... Counsel, could you speak up just a little bit? Can you pull up the microphone? Thank you. All right. We're here today in reference to a previously motioned to enforce judgment and a response thereto in which there was a judgment, there was a false order entered on behalf of the defendant. And that was the order that was appealed from in reference to this case. Originally, just as background in this case, there was a judgment of dissolution of marriage entered by the court on 111-22 that granted certain credits and offsets toward any funds that my client... The defendant had owed my client a plaintiff. In paragraph 5 of that judgment, my client was awarded $10,811.32 for his interest in the marital residence. In paragraph 11, he was granted $6,209 for mortgage payments he made between 8-21 and 2-22. And in paragraph 12, he was granted $2,849 for child support arrears that he paid from 11-1 to 21-5, 11-22. So, he had total credits and offsets of $19,869.32. And then, pursuant to that judgment, the court, in reference to the remaining balance of personal property that had not been sold, ordered the parties to sell that property within 90 days of the judgment, and then any proceeds from the sale of those items were to be divided equally between the parties. Any debt that the parties owed on the personal property was to be paid from the proceeds of sales. So, keeping that in mind, there was, just as a backdrop, there was some problems with the original judgment as it was prepared. There was discrepancies in paragraph 14 of the judgment and in paragraph L of the judgment that didn't coincide with each other. And the main problem with the prior judgment as prepared was there was no mathematical inclusion in the judgment detailing the trial court's credits or the offsets in the property division in that judgment, and explicitly stated in the judgment how they were exactly to be applied in the judgment to reach a fair and equitable property division between the parties. So then, we're here today basically on the motion to enforce judgment and the response there to and what occurred in a hearing on that motion to enforce judgment that occurred on July 28, 23. And the defendant had filed a motion to enforce judgment on 5-5-23, seeking to enforce the judgment, entered it on 11-22. Defendant was called to testify in the motion to enforce judgment. Defendant testified that she and plaintiff had certain items of marital property still in their possession. As of the date of this hearing, the 90 days had passed for the sale of all personal property and some of that personal property had not been sold as ordered by the previous judgment. The defendant testified that she still has certain items of marital property in her possession. Defendant's Exhibit 1, which the defendant prepared, contained four columns that were submitted to the trial court. The first column indicated items in the plaintiff's possession. The second column indicated marital items in plaintiff's possession that he sold per the judgment provision previously entered by the trial court on 11-17-22. And then, for the parties who sell the remaining balance of personal property within 90 days, which never happened, and any proceeds would be provided equally following the aforesaid equalization of payment, that any debt on that property would be paid from the proceeds of sale. Plaintiff testified that the second column was property sold by him in his possession in the amount of $14,577. In fact, it was only the plaintiff throughout this whole ordeal that actually sold personal property except for a minimum amount that the defendant paid during the motion enforced judgment. Defendant then testified in reference to the third column that they were still marital property at the marital residence which defendant inhabited since the judgment of dissolution, which she was previously awarded by the trial court, that were to be sold within the 90 days of judgment on February 17-23, which defendant acknowledged she did not do. Then, defendant testified that the fourth column were items from non-marital property in her possession that plaintiff, my client, considered to be his non-marital property. When the defendant was shown Defendant's Exhibit 2, a spreadsheet created by the defendant, she testified she took all the property in the first column and listed the property on a website, came a new list price to each item, and did her own approximate market value based on the property that was left on the property, even though she had no prior experience in valuation of property. The defendant testified at that hearing she was in agreement to remove the items that were plaintiff's non-marital property and give those items to my client. Defendant in reference to Exhibit 1, Column 3, requested the trial court to allow her to keep the marital property in her individual possession without division as required by the previous judgment of dissolution of marriage. She then went on to testify before the trial court that, in fact, per the judgment, she desired to be given one-half of the marital property planned sold for the $14,577 in compliance with the previous judgment, and she wanted those proceeds immediately to be given to her. But the defendant acknowledged under cross-examination during that hearing that since the entry of the judgment on 11-7-22 to sell marital property, the only marital property she actually sold was a food pump, and some miscellaneous property not identified by her provided in an email, and the total amount sold by her was $100 compared to the $14,577 sold by my client in compliance with the judgment. That was the only amount of personal property that she actually made an attempt to sell when the court ordered her to sell items within 90 days. Mr. Pappas, the judgment of dissolution was file stamped November 17th, and there was a motion to enforce on May 5th, 2023, and there was a proposed order signed by the judge on August 30th, 2023, but your notice of appeal was filed until October 13th, well past the 30 days. They accurately in their brief says your appeal was not timely filed. I haven't heard you say anything yet about jurisdiction of this court or the appeal being filed. Judge, I filed within 30 days of the motion to the ruling of the motion to enforce judgment. But can you appeal from a judgment? But can you appeal from the motion to enforce the judgment? That's not modifying the judgment. Yes, I did, Judge, because I have a notice of appeal that said that. Your notice of appeal says it's appealing the order entered on August 30th, but your notice of appeal is file stamped October 13th. So if you're appealing an August 30th order, why is it not filed until almost 45 days later? Well, because the hearing wasn't held until... You say you're appealing an order that was entered November, August 30th. That's what your notice of appeal says. I'm appealing the plaintiff's proposed order that was entered on August 10th, 2023. Okay. August 10th of that, but you filed your appeal October 13th. Am I misreading something here? Well, the appeal was filed on 9-25-23. The proposed order wasn't entered until 8-10-23. All right. Let me continue. All right. At that motion to force hearing, when the defendant was asked in her cross-examination how she came to the value 22,045 in reference to the defendant's Exhibit 2, she had never produced the same in the previous trial what she wanted, what that 22,045 consisted of. In contrast to the defendant's testimony, the plaintiff testified that he opened an account at Decatur's Earthmovers Accrediting Unit since the entry of the judgment and testified that he sold Miracle Property as ordered by the trial court. Plaintiff's testimony as to defendant's plaintiff's Exhibit 2, he sold at auction on various days for a total of $9,559.50 minus commission net of $8,769.71 for sale and revival. Plaintiff further testified in reference to Plaintiff's Exhibit 1, he sold a Miracle John Deere Excavator for $10,500, sold Miracle Firearms in the amount of $780 and a fifth-wheel camper for $27,200, which he had to pay off the remaining balance on the camper for a net sale of $14,577 that he placed in the account. Plaintiff identified Plaintiff's Exhibit 4, a bank statement showing that he deposited $14,577 in the $8,769 for a total deposit of $23,424.83. Plaintiff had complied with the judgment of the sale of property unlike the defendant. Plaintiff was ordered by the trial court to submit a written closing proposed order and testified he was the only party to comply with the court's order in the judgment. The trial court adopted the defendant's proposed order and accepted the terms therein with the exception of modifying paragraph 16 or the specific items to Plaintiff. The court granted Plaintiff attorney fees in connection with the motion of court's judgment in the amount of $2,942 to be paid within 30 days, even though he had complied in total with selling Miracle personal property as required by the court. The trial court further ordered Plaintiff to pay defendant within 7 days of the sum of $43,000 and $2,942.50 within 30 days of the order, notwithstanding that defendant's proposed order did not in detail or specifically explain those amounts. We believe, Your Honors, that Plaintiff submits a trial court abuse as discretion in granting defendant's proposed order and attached exceptions 1 through 3 and specifically denied Plaintiff's proposed order and such was against the manifest way the evidence presented and we request reversal thereof. I think I misspoke earlier. It was appealed. The notice of appeal was filed in the Macon County Court September 25th. It was filed in this court October 13th, so it was filed in the trial court. The problem, though, is as they point out in their brief, you're appealing a motion of forced judgment. You're not appealing the original judgment. No, I'm, what I, yeah, I was not appealing the original judgment. I was appealing the order that was sent into the motion of forced judgment. But the case they cite, I don't know how to pronounce it, Dikas v. Graff, says you can only appeal motions for rehearing, retrial, modification of the judgment, or vacation of the judgment, and a motion of forced is not one of those things you can appeal. Well, it was filed in the circuit court, so that's what I wasn't appealing. But the Dikas v. Graff case says those are incidental to the original order. It's the original order that you're appealing from. Those were entered back in December and April. But you're, if I'm, you don't respond to that, you didn't probably reply to their brief that I saw. So you didn't discuss the Dikas v. Graff? All I was appealing was the denial of, I mean, was the motion to enforce, the motion of force that they filed. And that's what I appealed for. All right. Thank you. Questions? Justice Walters? Justice Kagan? All right. Thank you. All right. We'll begin the opening for rebuttal in a moment. Mr. Bowery, are you ready to proceed? Yes, Your Honor. All right. May I do so? Please report, counsel. I'm appearing today on behalf of Jordan Barker, who is the defendant in this case. And I think I'll start with what I deem to be the first issue. And I think the Court has kind of addressed that a little bit with the appellant here. And that is the issue as to was this appeal timely filed. I struggled a little bit with this when I received the notice of appeal because I was also not exactly sure what was actually being appealed here. The notice of appeal, and the Court correctly pointed out that this appeal was not by this Court until 10-13 of 2023. And the judgment that they indicate is being appealed is the August 30th, 2023 quarter. Now, this notice of appeal also does show a file stamp with the Macon County Court of 9-25-23, which would be within 30 days. So there's that issue. I'll address that in a moment. I think the more pressing issue in our brief, we had essentially laid out three defenses. The first defense was that this appeal, with respect to their issue number one, was not timely brought in front of this Court. As the Court has indicated, there was a judgment of dissolution of merits that was entered November 17, 2022. There was a timely filed motion to reconsider filed by the plaintiff within the 30 days. That was not heard until April 18, 2023, at which time the Court denied that. That was a final order at that time. Their right to appeal anything with respect to that original judgment of dissolution of merits would have expired around May 18, 2023. They did not file any notice of appeal, obviously, as we've already pointed out, until 9-25-2023 or 5-23, 10-13-2023. And I didn't file this issue as a reply instead of a motion to dismiss because I wasn't aware of the actual issues that they were bringing up until I got their brief. And the brief was not timely filed. And so I thought instead of attempting to belaboring this issue, I'll just file it as a reply in the brief. And within their brief, the first issue that they have framed for this Court was that the trial court erred in denying plaintiff's motion for reconsideration and or rehearing filed by the plaintiff on December 16, 2022 and denied by the trial court April 18, 2023. So there was an attempt by the plaintiff to actually attack that judgment. They've lost that ability to do so by not filing their timely appeal. And I did cite a couple cases with respect to this issue and also cited 735 LCS 5-2-1203, which as the Court has correctly recited, that they may within 30 days file a motion for rehearing, retrial, modification of the judgment or to vacate the judgment. It has to be done within 30 days. They did not do that. Now, that's important because we filed a motion to enforce the judgment May 5, 2023. That motion to enforce the judgment was not a request for a rehearing, retrial, modification of the judgment. And so that right to appeal the original judgment dissolution of marriage has passed. And so I believe that that issue is not properly before the Court at this time. Briefly, as our second argument, I think that I should address that. If the Court feels that for some reason this post-trial motion for appeal was filed on time, I think that the Court's decision is not to be disturbed absent a showing of clear abuse of discretion. The judgment dissolution of marriage contained an equalization payment in paragraph L. And this equalization payment did not indicate that the payment was to be an equal payment. It just indicated that this was to be a payment to equalize the property awarded to each one of the parties. And the Court has this power using its equitable power. We cited the Heminoff and Tomsak case, which indicated a touchstone of proper apportionment of assets in a divorce case, is whether is equitable in nature. And the Inright Civil Union-Hemlin case, an equitable property division on dissolution does not necessarily mean equal. I think that the main crux of the argument is that this number of $24,524 was incorrect. Now, in going through, as the Court has reviewed all the facts, I will not belabor them, but there was a disagreement that the parties had with respect to the calculations. And I think that there was an error. That error was made by the plaintiff with respect to the defendant's vehicle. They were not taking into account the fact that there still was a debt owed on this vehicle. And so their calculations this entire time have been skewed as part of that. But, like I said, I don't think that we get to that issue of even this being an equitable judgment because I think that we, the plaintiff missed their time to appeal. With respect to the third argument that we have here, that was with respect to what was actually set out in the Notice of Appeal. And that's the appeal of the proposed order entered by the Court, August 30, 2023. And what the Court had done at that time, that was in response to the motion to enforce the judgment. Viewing the transcript with respect to that hearing this morning, there were many items of personal property that the plaintiff had not sold. He had sold some things, but he had not sold everything. The defendant also had brought into court the items of personal property that she still had in her possession, that she indicated she was essentially not going to be able to sell because of the woman's nature of them and the lack of value that they had. And so she needed to bring something into court in order to have set out some sort of way that he was going to be making these payments and the items would be sold then. And so the fact that she had to bring this motion to enforce the judgment, there was attorney's fees that the judge did order. As far as how this order was entered, the Court asked the parties to each submit judgments or orders to the Court, and the Court would sign one of them, and the Court did that. And with respect to the order that the judge signed, this was the defendant's order that the judge did sign. It set out many different things that were to happen. I'm a bit at a loss, I suppose, as to what the plaintiff is actually asking for or indicating what the actual error was. In reviewing the brief, I think that the argument was simply that the judge entered the wrong order. But I don't know really specifically what was really complained of with respect to the actual order that was entered. I do not believe that this order that was entered was against the manifest way that the evidence, and I do not believe that this can be disturbed on appeal. There was an objection to the three exhibits that were approved or allowed by the Court. Exhibit one was a spreadsheet, I suppose, that was prepared by the defendant. And as described by counsel, this did have four columns, and these different columns were divided into two different categories. The first category was items in Jeremy's possession, and there were a whole list of items that were in Jeremy's possession that were not sold. And then there were a list of other items that had been sold and set out what we believed the items had gotten with respect to a sale. And then the other category were items still at the mayoral residence. That third column were the items that the defendant still had in her possession that she deemed to essentially be pretty much worthless. And then the fourth column were non-marital items that were the plaintiff's items that still remained at the mayoral residence that the defendant at the hearing indicated that the plaintiff could have at that time. And so this was one of the items that the Court considered. And this first column was then followed up with an additional exhibit, which was exhibit two, where the defendant testified that she had gone through and looked up fair market value of these items. I think that this is something that is allowed, and we cited Supreme Court Rule 803 in our brief, which indicates that something, testimony like this is allowed, and I think it was properly allowed by the Court. The Court used these things in order to arrive at the decision to sign the order as presented by the defendant. We do not believe that there was any error that the Court had made and certainly no reversible error at this time. And unless there's any questions, that was all that I had. Thank you. So, Judge, just briefly, as I previously argued, the defendant admitted that she had never sold any marital property or possession within 90 days as ordered by the trial court. As to the defendant's testimony, as to the defendant's exhibit number one, which contained four columns as previously argued, while the trial court allowed her to give an opinion, as to the value of the property that was objected to by me, that she had an ownership interest in, the trial court also emphatically stated the amount of weight that the court was going to give to that opinion was another story. The defendant in order of counsel subpoenaed or had subpoenaed Mike Hall, who the defendant used to get a fair market value on the property or possession. He did not come to court. He did not give a fair assessment of the items in her possession. He did not testify in the trial court. I objected numerous times on the basis of hearsay. The plaintiff objected to the hearsay testimony. The trial court admitted Mike Hall's exhibit, but the court found it was hearsay. It admitted for a limited value, but the court found that it was hearsay. The trial court was only limited to her state of mind, why she did or did not do something else. But not as to the actual values that she testified as contained in the exhibit. The plaintiff testified as to plaintiff's group exhibit number one, consisting of the colorful graphs of marital non-marital personal property and defendant's possession that she had not sold pursuant to the court order. Thank you. Any questions? No questions. All right. Thank you. We appreciate your arguments. Consider the briefs. We'll take the matter under advisement and make the decision in due course.